# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1047
_____

| | | |
|---|---|---|
| Walter Lee Walton, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Rick Toney, Warden, Varner Super | * | Eastern District of Arkansas. |
| Max, ADC; Ray Hobbs, Deputy Chief | * | [UNPUBLISHED] |
| Director, Arkansas Department of | * | |
| Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 30, 2002
Filed: August 21, 2002

_____

Before MORRIS SHEPPARD ARNOLD, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Walter Lee Walton brought this 42 U.S.C. § 1983 action against Arkansas Department of Correction (ADC) employees, claiming they denied him access to the courts. The district court dismissed the complaint prior to service, under 28 U.S.C. § 1915(e)(2), for failure to state a claim. We reverse.

For the purpose of determining whether Walton stated a claim, we assume the truth of his allegations. See Neitzke v. Williams, 490 U.S. 319, 327 (1989) (dismissal for failure to state claim is warranted where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" (internal quotation and citation omitted)). Walton is confined at Varner Super Max Unit (VSMU). In November 2000, with the help of a jailhouse lawyer several cells away, Walton filed a prior lawsuit (Walton I) about a severe beating he had received in August 2000. In the midst of the lawsuit, prison administrators directed officers to stop their routine practice of "passing" documents from cell to cell. When Walton told a correction officer that the materials Walton wanted "passed" related to legal matters, the officer responded: "[T]hat is what they especially want to stop from being passed," and "legal materials was [sic] emphasi[z]ed to [officers] as something not to pass." Walton thus lost assistance from a jailhouse lawyer.

ADC does not provide attorneys to help VSMU prisoners with civil cases, and VSMU prisoners cannot personally visit the law library. VSMU prisoners may request materials from the library on a blank form, but the request must specifically identify the item requested.

A magistrate judge recommended dismissal of Walton I as frivolous and for failure to exhaust administrative remedies. Without the assistance of his jailhouse lawyer, Walton could not understand the recommendation and "withdrew" his complaint. Subsequently, Walton was able to re-establish communication with his jailhouse lawyer, in violation of prison rules. He learned from the jailhouse lawyer that he had not needed to dismiss the Walton I complaint, but could have remedied the exhaustion problem by excising some complaint paragraphs relating to non-central claims. He thereafter refiled Walton I, but would not have done so properly without the illicit help. As a consequence of the delay, valuable evidence--which included VSMU video recordings and ambulance reports--was destroyed.

We review de novo dismissals under section 1915(e)(2)(B). <u>See</u> <u>Moore v. Sims</u>, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam). While an inmate does not have "an abstract, freestanding right to a law library or legal assistance," he must have "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996) (internal quotation and citation omitted). To prevail on an access-to-courts claim, an inmate must show actual injury, that is: "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"; "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." <u>Id.</u> at 351, 352-53.

Once prison administrators implemented the ban on "passing" legal documents, they limited Walton's legal resources to a library to which he had no direct access and from which he was required to request specific materials on a blank form. Walton--who was untrained and inexperienced in the law--accordingly lacked a reasonably adequate opportunity to present his claim. Specifically, his pursuit of <u>Walton I</u> was hindered in three respects. First, based on ignorance of a technical requirement he could not have known, he withdrew <u>Walton I</u> under threat of dismissal by the district court. <u>See</u> <u>Lewis</u>, 518 U.S. at 351 (inmate may show actual injury by showing "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known"). Second, he could not have properly refiled without violating prison rules. Third, the delay in his ability to pursue <u>Walton I</u> allowed the destruction of evidence.

Accordingly, we reverse and remand to the district court for further proceedings. On remand, the district court should appoint counsel to assist Walton.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.